**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Mike Neugebauer, | ) | |
| | ) | **AMENDED** |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Fox, | ) | Case No. 1:08-cv-015 |
| | ) | |
| Respondent. | ) | |

_____

The petitioner, Mike Neugebauer ("Neugebauer"), initiated the above-entitled action in the Eastern District of Texas on November 16, 2007. The action was ordered transferred to this district on December 27, 2007. It was subsequently referred to the undersigned by Chief Judge Hovland for preliminary consideration.

**I.     BACKGROUND**

Neugebauer was convicted in January 1994 on State murder charges and sentenced to four concurrent terms of life imprisonment. He was designated to the North Dakota State Penitentiary ("NDSP").

In June 2004 Neugebauer was charged in an NDSP incident report with an escape attempt, an A-2 infraction. The NDSP's disciplinary adjustment committee convened a hearing on June 21, 2004, after which it recommended that he be stripped of all good time and placed in disciplinary detention for a period of ninety days. Its decision was upheld by the warden on appeal on June 24, 2004.

Neugebauer filed a Step 1 and Step 2 Grievances in July 2004, claiming that the adjustment committee was impartial and "denied him due process by [having him sign] the Miranda rights paper

1

. . . ." Both grievances were denied, prompting him to file an appeal with Elaine Little, the Director of Institutions. His appeal was denied by Director Little in a letter dated August 12, 2004.

He subsequently filed a petition for habeas corpus relief in state district court on October 29, 2004. His petition was denied on January 11, 2005. He filed a notice of appeal on February 14, 2005. The North Dakota Supreme Court dismissed his appeal on February 23, 2005. The mandate was issued the following day. On September 13, 2005, Neugebauer petitioned the North Dakota Supreme Court for supervisory writ of habeas corpus. His petition was denied on October 12, 2005.

Neugebauer was at some point transferred to federal custody, presumably under contract, to continue service on his State sentence. He is presently incarcerated in a federal prison in Beaumont, Texas.

Neugebauer filed a petition for habeas corpus relief in the Eastern District of Texas on November 16, 2008. The petition was ordered transferred to this district by the Eastern District of Texas.

In his petition, Neugebauer takes issue with the disciplinary proceedings conducted on June 21, 2004, at the NDSP. First, he contends that he was deprived of his right to an impartial tribunal because those who investigated his infraction also sat in judgment on the adjustment committee. Second, he contends that the adjustment committee failed to establish the reliability of the confidential informants upon which they had relied. Third, he contends that he was penalized by the adjustment committee for exercising his Fifth Amendment right against self incrimination and not testifying at his hearing. He seeks restoration of his good time, the finding of guilt expunged from his record, and his return to the State of North Dakota.

II. **DISCUSSION**

Neugebauer captions his habeas petition as one arising under 28 U.S.C. § 2241. However,

since Neugebauer is a state prisoner, the only habeas relief available to him is under 28 U.S.C. § 2254.  E.g., Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001).  Consequently, Neugebauer's petition shall be treated as arising under § 2254.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The Ninth, Second, Fourth, Fifth, and Tenth Circuits have all held that this limitations period applies to § 2254 petitions challenging administrative decisions.  See Dulworth v. Evans, 442 F.3d 1265, 1267-68 (10th Cir. 2006); Shelby v. Bartlett, 391 F.3d 1061, 1064-65 (9th Cir. 2004); Cook v. New York State Div. of Parole, 321 F.3d 274, 279-80 (2d Cir. 2003); Wade v. Robinson, 327 F.3d 328, 330-31 (4th Cir. 2003); and Kimbrell v. Cockrell, 311F.3d 361, 363 (5th Cir. 2002).  Only one circuit, the Seventh has held to the contrary.  See Cox v. McBride, 279 F.3d 492, 493-94 (7th Cir. 2002).

While the Eighth Circuit has yet to directly address this issue, the possibility of it embracing the Seventh Circuit's position is remote.  The Seventh Circuit has drawn a more radical distinction between disciplinary proceedings and state court judgments than other courts in the context of habeas corpus proceedings.  See id. (distinguishing Seventh Circuit precedent from case law from the Eighth Circuit).  Moreover, the rationale for applying the limitations period to all § 2254 petitions is sound.

> The language of § 2244(d)(1) is . . . easily applied across-the-board to petitions attacking the prisoner's conviction as well as the calculation of time served. The objects of both petitions are the same: a shorter confinement pursuant to the original judgment. The provision accordingly limits the period for filing any § 2254 writ application by a "person in custody pursuant to the judgment of a State court".  Since [an inmate's] custody arises from such a judgment, and a favorable outcome for him in this disciplinary case would affect the time served under that judgment, Section 2244(d)(1) literally applies.

Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002).

The only question that remains is how the limitations period is applied.  The consensus is that 28 U.S.C. § 2244(d)(1)(D) governs and that the one-year period commences when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  See e.g., Shelby v. Bartlett, 391 F.3d 1061, 1064-65 (quoting 28 U.S.C. § 2244(d)(1)(D)); Kimbrell v. Cockrell, 311 F.3d 361, 363 (same).  Nevertheless, when it comes to actually calculating the limitations period, courts have followed different avenues albeit with similar results.  For example, in Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002), the court calculated the commencement of the limitations period from the date of the disciplinary hearing at issue.  See id. at 363-64 (noting, in dicta, that the timely pendency of prison grievance procedures would toll the limitations period.).  In contrast, courts in the Ninth and Tenth Circuits have held that, where a petitioner timely and diligently exhausts his administrative remedies, the one-year limitations period does not commence until the decision rejecting his administrative appeal becomes final.  See Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006) (citing Shelby v. Bartlett, 391 F.3d 1061, 1066; Redd v. McGrath, 342 F.3d 1077, 1082 (9th Cir. 2003); Wade v. Robinson, 327 F.3d 328, 333; and Cook v. New York State Div. of Parole, 321 F.3d 274, 280).

In the case at bar it makes no difference from a practical standpoint whether Neugebauer's limitations period is calculated from the date of his disciplinary hearing (June 21, 2004) or from the date his administrative appeal became final.[1]  Approximately 765 days lapsed between the date on

---

[1] Attached to his petition is a copy of Warden's decision denying his appeal. The decision appears to have been entered on June 24, 2004, although the date is partially obscured.  In any event, Neugebauer did not appeal the loss of good time to the Director of Corrections and Rehabilitation upon receipt of the Warden's decision.  He instead filed a series of grievances challenging the adjustment committee's actions.  These grievances were denied initially in July 2004 and on appeal in letter from the Director Corrections and Rehabilitation dated August 12, 2004.  Thus, giving Neugebauer the benefit of the doubt and overlooking the fact that Neugebauer did not strictly adhere to the NDSP's administrative appeals process, his administrative appeal arguably became final on August 12, 2004.

4

which the North Dakota Supreme Court denied Neugebauer's request for a supervisory writ (October 12, 2005) and the date on which he filed his petition for habeas relief in the Eastern District of Texas (November 16, 2007). Thus, even if the court were to give Neugebauer the benefit of every possible doubt, strain to give him credit for every possible day, and take the extraordinary step of calculating the limitations period from the date on which the North Dakota Supreme Court's denied his petition for a supervisory writ as opposed to the date on which his administrative appeal became final, his petition would still be time-barred.

### III.    CONCLUSION

Neugebauer's Petition for a Writ of Habeas Corpus is untimely. The undersigned therefore **RECOMMENDS** that:

1. Neugebauer's Petition for a Writ of Habeas Corpus (Docket No. 2) be **DENIED**;

2. The court certify that an appeal from the denial of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith;

3. A certificate of appealability not be issued with respect to any of the issues raised by Neugebauer.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.

Dated this 10th day of March, 2008.

s/ Charles S. Miller, Jr.<br>
Charles S. Miller, Jr.<br>
United States Magistrate Judge