**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Mike Neugebauer, | ) | |
| | ) | **ORDER ADOPTING AMENDED** |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Fox, | ) | Case No. 1:08-cv-015 |
| | ) | |
| Respondent. | ) | |

_____

On January 31, 2008, the petitioner, Mike Neugebauer, filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus.  Magistrate Judge Charles S. Miller, Jr. reviewed Neugebauer's petition and the pleadings and submitted a Report and Recommendation on March 6, 2008.  See Docket 4.  On March 10, 2008, Judge Miller filed an amended Report and Recommendation.  See Docket 5.  Judge Miller treated Neugebauer's petition as arising under 28 U.S.C. § 2254 and recommended that Neugebauer's petition for a writ of habeas corpus be denied as untimely.  Neugebauer was given ten (10) days to file an objection to the Report and Recommendation.

On March 21, 2008, Neugebauer submitted an objection to the Report and Recommendation stating that he was unable to correspond with the Court because of prison conditions and a loss of paperwork. See Docket 6.  In response to Neugebauer's objection, Judge Miller granted Neugebauer additional time to supplement his objection.  See Docket 7.  On April 7, 2008, Neugebauer filed a supplemental response. See Docket 8.

Neugebauer states that he was transferred "in the middle of my writ of habeas corpus to the district court in ND."   See Docket 6.  Neugebauer also states that he had "lost almost all my paperwork on this matter to hurricane Rita" and that water damage ruined his written materials. Id. Neugebauer further states that he had requested for a copy of his paperwork from the North Dakota Supreme Court, and "got the paperwork back from them in the past year and got other materials

from the state prison in North Dakota since then." Id.  The Court will construe Neugebauer's

objection as a request for equitable tolling of the Antiterrorism and Effective Death Penalty Act's

(AEDPA) one-year period of limitation for the filing of a petition for writ of habeas corpus relief.

See 28 U.S.C. § 2244(d)(1).

The United States Supreme Court has stated that a litigant seeking equitable tolling of

AEDPA's limitation period "bears the burden of establishing two elements:  (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace

v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Eighth Circuit has noted that district courts should

be sure that equitable tolling is infrequent, so that circumstances of individualized hardship do not

supplant the rules of clearly drafted statutes.  Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002).

The Court has reviewed the objections submitted by Neugebauer and finds that he has not

met his burden of establishing that he has been pursuing his rights diligently.  The record reflects

that Neugebauer's last filing in state court was on September 13, 2005, when he petitioned the North

Dakota Supreme Court for a supervisory writ of habeas corpus.  His petition was denied on October

12, 2005.  Neugebauer's next filing was more than two years later when he filed a petition for

habeas corpus relief on November 16, 2007, in the Eastern District of Texas.  The Court finds that

Neugebauer has not established the necessary diligence to warrant equitable tolling.  Therefore, the

Court need not determine whether these events constitute "extraordinary circumstances" that stood

in Neugebauer's way of timely filing this petition for habeas corpus.

Neugebauer also contends that, because of prison conditions, he is unable to utilize the law

library.  In 2004, Neugebauer and two other individuals were charged with escape from the North

Dakota State Penitentiary in Bismarck, North Dakota.  Neugebauer contends that he has new

evidence in the form of state and federal court orders relating to two other inmates involved in the

escape charges.  See Docket 8-2 and 8-3.  Neugebauer states that the exhibits show that the other

two inmates prevailed in state court and received a settlement through a lawsuit under 42 U.S.C. §

1983 in which their inmate records were expunged of the write-up for escape.  Neugebauer contends that this evidence is sufficient to allow him to bring his petition for writ of habeas corpus.

The Court has reviewed the exhibits submitted by Neugebauer and finds that they provide no basis to equitably toll the one-year limitations period under 28 U.S.C. § 2244(d)(1).  The success of other inmates who were involved in the circumstances giving rise to this habeas corpus petition, and who timely filed habeas corpus petitions, does not provide a basis for equitable tolling.  The Court finds that the statute of limitations has run on Neugebauer's ability to bring a claim for habeas corpus relief with respect to the challenged events.

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record and finds the Report and Recommendation to be persuasive.  Accordingly, the Court **ADOPTS** the Amended Report and Recommendation (Docket No. 5) in its entirety and **DENIES** Neugebauer's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (Docket No. 1).  The Court certifies that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.  The Court further certifies that Neugebauer has failed to make a substantial showing of the denial of a constitutional right and will not grant a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2008.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court